NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAR 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOJO EJONGA-DEOGRACIAS, AKA JoJo Ejonga, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> STEPHEN D. SINCLAIR, Secretary, Department of Corrections; et al., <br><br> Defendants-Appellees. | No. 21-35211 <br><br> D.C. No. 2:20-cv-00320-RSM <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted March 14, 2023**

Before:    SILVERMAN, SUNG, and SANCHEZ, Circuit Judges.

Washington state prisoner JoJo Ejonga-Deogracias appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging First and

Eighth Amendment violations.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004).  We affirm in part, reverse in part, and remand.

The district court properly granted summary judgment on Ejonga's Eighth Amendment claim concerning a noxious smell because Ejonga failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to an excessive risk to inmate health or safety.  *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (prison officials are liable for denying a prisoner humane conditions of confinement only if they know of and disregard a substantial risk of serious harm).

The district court granted summary judgment on Ejonga's First Amendment claim concerning the rejection of photos mailed to him from the King County prosecutor's office, applying the four-factor test from *Turner v. Safley*, 482 U.S. 78 (1987).  Defendants contended the policy limiting incoming mail to ten photographs was needed to reduce mailroom workload, but also argued that Ejonga could have received the 138 photos if sent in fourteen separate mailings. Defendants further argued that there was a concern about inmates selling or trading photos "displaying sexual tones," but there was no evidence that the photos sent to Ejonga were sexual in nature.  Finally, the district court concluded that Ejonga had an alternative means of receiving the photos as he could have requested the photos be sent back to the King County prosecutor's office and then resent in separate

2                                                                    21-35211

batches of ten. But there was no evidence in the record that the King County prosecutor's office would have honored this more burdensome request. On this record, we conclude Ejonga has raised a genuine dispute of material fact as to whether the policy as applied to Ejonga's mail is reasonably related to a legitimate penological interest and as to whether his incoming mail from the prosecutor's office, concerning his criminal case, should have been processed as legal mail. *See Turner*, 482 U.S. at 89-91 (setting forth the four-factor test for evaluating a prison regulation which impinges upon a constitutional right); *Bahrampour v. Lampert*, 356 F.3d 969, 975 (9th Cir. 2004) (*Turner* analysis applies equally to facial and as applied challenges). We reverse the district court's grant of summary judgment on this claim only and remand for further proceedings.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendants' motion to supplement the record (Docket Entry No. 28) is granted. We do not consider any other document that was not part of the record before the district court. *See United States v. Elias*, 921 F.2d 870, 874 (9th Cir. 1990).

The parties will bear their own costs on appeal.

**AFFIRMED in part, REVERSED in part, and REMANDED.**

21-35211